UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| J.M.C., | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 3-19-cv-1483-B |
| | § | |
| | § | |
| ANDREW SAUL, Commissioner of the | § | |
| Social Security Administration, | § | |
| | § | |
|    Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff J.M.'s appeal of the Office of Disability Adjudication and Review's Unfavorable Decision Pursuant to § 1631(c)(3) of the Social Security Act. *See* Doc. 1, Pl.'s Compl. For the reasons that follow, the Court **REVERSES** and **REMANDS** J.M.'s application for further administrative proceedings consistent with this opinion.

## I.

## BACKGROUND

On May 31, 2016, J.M.[1]'s father filed an application for supplemental social security payments on behalf of his child, J.M., a child under the age of 18. Doc. 6-1, Administrative R. (hereinafter A.R.), Administrative Law Judge (ALJ) Decision, 10.[2] J.M. was born on November 4, 2006. *Id.* at 13. J.M.'s father alleged J.M. has had a disability since May 1, 2010. *Id.* at 10. The ALJ found that

---

[1] The Court uses only Plaintiff's first two initials because Plaintiff is a minor.

[2] When citing to the administrative record, the Court uses the "PageID" page numbers automatically generated by the Electronic Filing System. Additionally, the ALJ Decision is noted as such when applicable.

J.M. suffers from attention deficit hyperactive disorder (ADHD) and speech impairment, as described in 20 C.F.R. § 416.924(c). *Id.* at 13.

Since 2010, J.M. has had behavioral problems at day care and school. Due to problems such as screaming and hitting others, J.M. was expelled from day care. Doc. 9, Pl.'s Br., 3. In October of 2010, J.M. was given a psychiatric assessment at Metrocare Services. *Id.* In December of 2011, at five years old, J.M. was given a speech language evaluation and received a low auditory compression score—a score equivalent to one for a three-year-old. *Id.* J.M. began treatment with a speech therapist, which transitioned to in-school therapy sessions once in the fifth grade. *Id.*

J.M. was, and continues to be, enrolled in special education at Grand Prairie Independent School District (ISD). *Id.* Through this special education, J.M. is given extra time to complete assignments and orally respond, supplemental aids, reminders to stay on assignment, and more. *Id.* Nevertheless, J.M. "has difficulty following directions, sustaining attention and concentration and is easily distracted." *Id.* J.M. also receives counseling services when at school. *Id.* When at home, J.M. has trouble completing homework and conversing with others, and does not have the ability to call 911 in the event of an emergency. *Id.* at 4.

J.M.'s application was denied initially and on reconsideration. Doc. 6-1, A.R., 66, 79. J.M. then requested a hearing before an ALJ. *Id.* at 94. On July 27, 2018, the ALJ denied J.M. social security benefits, finding that J.M. did not have a disability under the Social Security Act. *Id.*, ALJ Decision, 11. J.M. appealed the ALJ's decision to the Appeals Counsel, which affirmed. *Id.*

On June 21, 2019, J.M. brought this action under 42 U.S.C. § 405(g), seeking review of the Social Security Administration's denial of J.M.'s application for Supplemental Social Security Payments. *See* Doc. 1, Compl. The case was automatically referred to Magistrate Judge Rutherford,

who ordered the parties to brief the alleged errors raised by J.M. Doc. 7, Order Directed Filing of Brs., 2. Subsequently, the Court withdrew the reference of the proceeding to Magistrate Judge Rutherford. Doc. 11, Order Withdrawing Reference, 1. All briefing has been filed, and the action is ripe for review.

## II.

## LEGAL STANDARD

The Court's "review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). "Substantial evidence is 'more than a mere scintilla and less than a preponderance.'" *Id.* (citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The Commissioner [of the Social Security Administration], and not the courts, resolves conflicts in the evidence; thereafter, the Court may not 'reweigh the evidence or try the issues de novo.'" *Tomisha M.W. ex rel. T.M.W. v. Saul*, 2020 WL 1513453, at *2 (quoting *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam)). "Accordingly, the Court may not substitute its own judgment for the Commissioner's, and it may affirm only on the grounds that the Commissioner stated to support his decision." *Id.* (citing *Copeland*, 771 F.3d at 923).

## III.

## ANALYSIS

To determine whether a minor has a disability, an ALJ engages in a three step process: "(1)

whether the child is engaged in substantial gainful activity; (2) whether the child has an impairment that is severe; and (3) whether the child's impairment is medically or functionally equivalent in severity to the impairments listed in the disability regulations." *Swist ex rel. Green v. Barnhart*, 177 F. App'x 414, 416 (5th Cir. 2006) (per curiam) (internal quotation marks and citations omitted).

Here J.M. does not contest the ALJ's findings that J.M. is not engaged in substantial gainful activity, and that J.M. has severe impairments: ADHD and speech impairment. *See* Doc. 9, Pl.'s Br., 5–6. J.M. instead contests the ALJ's findings with respect to step three. *See id.* At step three, the ALJ found that J.M. "does not have an impairment or combination of impairments that functionally equals the severity of the listings . . . ." Doc. 6-1, A.R., ALJ Decision, 18.

At this step, the ALJ must determine whether the claimant's impairment leads to "a marked limitation" in two, "or an extreme limitation in one," of the following six domains: "(1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being." *Swist*, 177 F. App'x at 416 (citing 20 C.F.R. § 416.926a(b)(1)).

J.M. specifically challenges the ALJ's findings in the following four domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating to others; and (4) caring for oneself. Doc. 9, Pl.'s Br., 6–11. The Court takes each of these challenges in turn.

A.  *Whether the ALJ Properly Found That None of J.M.'s Impairments or Combination of Impairments Met or Medically Equaled the Severity of a Listing or Functionally Equaled a Listing.*

The Court finds the ALJ's analysis legally deficient in (a) interacting and relating to others, and (b) caring for onself. Therefore, the Court **REVERSES** and **REMANDS** J.M.'s application for further adjudication consistent with this opinion.

1.  Acquiring and Using Information

Under this domain, the ALJ must determine the extent to which the applicant can acquire, learn, and apply information. 20 C.F.R. § 416.926a(g). For a child within J.M.'s age range—six to attainment of age twelve[3]—the child is expected "to learn to read, write, and do math, and discuss history and science." § 416.926a(g)(2)(iv). A child within this age range is also expected to apply these skills in "academic situations," such as "taking achievement tests," and to "daily living situations at home and in the community . . . ." *Id.*

The ALJ found that J.M. had a less than marked limitation in this domain. Doc. 6-1, A.R., ALJ Decision, 22. J.M. objects to this conclusion. J.M. notes that the first medical consultant's evaluation concluded that J.M. had a marked limitation in this domain. Doc. 9, Pl.'s Br., 7. And though the second medical consultant's evaluation concluded otherwise, J.M. explains that this evaluation still noted J.M.'s deficiencies in many areas—including, but not limited to, recalling personal/safety information, comprehending classroom information, and "defining/telling the meaning of words[.]" *Id.* at 7–8. Moreover, J.M. objects to the fact that the ALJ also relied, in part, on the fact that J.M. missed various doctor appointments, as J.M.'s father testified that they missed this appointment not due to the severity of J.M.'s condition, as the ALJ contends, but because her father was working at the time of the appointments. *Id.*

In reaching his conclusion, the ALJ noted that J.M.'s "intellectual functioning is within average range as shown by testing," Doc. 6-1, A.R., ALJ Decision, 22; *see also id.* at 20–21 (discussing in detail these test scores). Therefore, although there might be evidence that suggests a marked

---

[3] Though J.M. is now thirteen years old, *see* Doc. 6-1, A.R., ALJ Decision, 10, at the time of the ALJ's decision (July 17, 2018), J.M. was eleven years old. *See id.*

limitation in this domain, there is also evidence that there is no such limitation. Substantial evidence in the record thus supports the ALJ's conclusion in this domain. *See Tomisha M.W.*, 2020 WL 1513453, at *6 ("The Court 'may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute [its] judgment for that of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision.'"). *Id.* (alterations in original) (quoting *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1998) (per curiam)).

### 2. Attending and Completing Tasks

Under this domain, the ALJ must analyze the claimant's ability to focus and maintain attention, and carry through and finish activities. 20 C.F.R. § 416.926a(h). A child of J.M.'s age is expected to focus "in order to follow directions, remember and organize [] school materials, and complete classroom and homework assignments." 20 C.F.R. § 416.926a(h)(iv).

Here, the ALJ again found less than a marked limitation. Doc. 6-1, A.R., ALJ Decision, 23. In objecting to the ALJ's conclusion, J.M. points to concerns teachers raised about J.M. getting lost in hallways and having poor social skills, as well as being unable to focus on tasks and carry out instructions. Doc. 9, Pl.'s Br., 9. Moreover, J.M.'s father testified that J.M. either does not complete homework or forgets to submit it. *Id.* And as to the school records the ALJ considered in his decision, J.M. believes that the "ALJ fail[ed] to take into consideration the most recent school records that were available in the file[,]" which show "a marked limitation in this area." *Id.*

In his decision, the ALJ relied on school reports from May 30, 2014 to May 29, 2015. *See* Doc. 6-1, A.R., ALJ Decision, 23. The ALJ concluded that these reports show that J.M. "was not . . . multiply disabled or medically fragile[,]" "had made good progress on []speech therapy goals," and "could count from 1 to 19 and recognize numbers 0 to 9 . . . ." *Id.* Moreover, the ALJ alludes to

-6-

the medical consultants' reports, *see id.* at 21, which both concluded that J.M. did not have a marked limitation in this area. *See id.* at 64, 77.

Thus, there is substantial evidence to support the ALJ's conclusion with respect to this domain. *See Tomisha M.W.*, 2020 WL 1513453, at *6 ("That the ALJ did not specifically mention the particular statements or pieces of evidence that Plaintiff points out on appeal does not discredit his findings."). Though the ALJ could have discussed the most recent school records, "[t]he Court 'may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute [its] judgment for that of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision.'" *Id.* (alterations in original) (quoting *Johnson*, 864 F.2d at 343).

### 3.  Interacting and Relating to Others

Under this domain, the ALJ must consider a claimant's ability to, among other things, "initiate and sustain emotional connections with others," "develop and use [] language," and "cooperate with others[.]" § 416.926a(i). A child of J.M.'s age is expected to "develop more lasting friendships," "understand another's point of view," "tolerate differences," and "share ideas," among other things. *Id.*

The ALJ concluded that J.M. had no limitation in this domain. Doc. 6-1, A.R., ALJ Decision, 24. J.M. objects to the ALJ's conclusion, noting that J.M. "rarely initiates conversations and needs cues to maintain conversation exchanges." Doc. 9, Pl.'s Br., 10. Additionally, J.M. claims that J.M. is unable to "recall safety information and has difficulty understanding and discussing school/home problems." *Id.* J.M. also points out that the "ALJ even acknowledged [J.M.'s] teachers noted [J.M.] had problems interacting and relating to others," "asking permission," "telling stories," and "maintaining relevant and appropriate topics and using adequate vocabulary." *Id.* at 10–11.

In reaching his conclusion that J.M. had no limitation in this domain, the ALJ curiously only cites to evidence that suggests that J.M. *does* have some sort of limitation in this domain:

> The claimant's teacher noted the claimant had problems interacting and relating with others. The claimant's teacher noted that the claimant had an obvious problem asking permission appropriately on a monthly basis. The claimant's teacher [explained that J.M] had a serious problem relating experiences and telling stories, introducing and maintaining relevant and appropriate topics and using adequate vocabulary and grammar to express thoughts/ideas in general, everyday conversation . . . .

Doc. 6-1, A.R., ALJ Decision, 24. The ALJ also "found [the medical consultants'] conclusions . . . to be fully supported by the record." *Id.* at 21. The medical consultants found that J.M. had a less than marked limitation and no limitation, respectively, in this domain. *See id.* at 64, 77. The ALJ explained that though the medical consultants' "opinion[s] [are] not entitled to controlling weight . . . the undersigned finds that the opinions are entitled to great weight as they are well-supported and not inconsistent with other substantial evidence." *Id.*, ALJ Decision, at 21 (citing 20 C.F.R. § 416.927).

"[T]he opinions of State agency medical and psychological consultants . . . can be given weight only insofar as they are supported by evidence in the case record . . . ." *King v. Berryhill*, 2019 WL 4060878, at *5 (W.D. Tex. Aug. 28, 2019) (citing SSR 96-6p, 1996 WL 374184 (S.S.A. 1996)). "In evaluating the opinion of a non-treating physician, an ALJ is free to incorporate only those limitations that he finds 'consistent with the weight of the evidence as a whole." *Id.* (citations omitted). At the same time, however, "[t]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Coucil[.]" *Newton*, 209 F.3d at 455.

Because the ALJ's discussion of this domain only cited to evidence that is *contrary* to the medical consultants' conclusions, *see* Doc. 6-1, A.R., ALJ Decision, 24, the Court cannot conclude

that "the opinions of [the] state agency medical consultants" with respect to this domain "are supported by evidence in the case record." *Thrower v. Berryhill*, 2019 WL 4280069, at *6 (S.D. Tex. Aug. 21, 2019) (citation omitted). In fact, the ALJ's specific discussion of this domain suggests the opposite.

Therefore, the Court cannot conclude that substantial evidence supports the ALJ's conclusion with respect to this domain.

### 4. Caring for Oneself

Under this domain, the ALJ must analyze "how well [the claimaint] maintain[s] a healthy emotion and physical state," which includes "how well [the claimaint] get[s] [his or her] physical and emotional wants and needs met in appropriate ways[,] "how well [the claimaint] cope[s] with stress and changes in [his or her] environment[,]" and the claimaint's ability to care for his or her "health, possessions, and living area." 20 C.F.R. § 416.926a(k). A child of J.M.'s age is expected "to imitate more of the behavior of adults" and "to demonstrate consistent control over [his or her] behavior, and [] should be able to avoid behaviors that are unsafe or otherwise not good for [him or her]." 20 C.F.R. § 416.926a(k)(2)(iv).

The ALJ concluded that J.M. had no limitation in this domain. Doc. 6-1, A.R., ALJ Decision, 26. In objecting to this conclusion, J.M. points out that J.M. "has wet [him or herself] in class because [J.M] does not ask to go to the restroom." Doc. 9, Pl.'s Br., 11. Additionally, J.M. sits in class without the necessary materials and does "not work because [J.M.] d[oes] not ask for supplies." *Id.* Moreover, J.M.'s father has to remind J.M. to bathe and brush J.M.'s teeth. *Id.*

In reaching his conclusion in this domain, the ALJ explained that:

> The claimant's teacher noted on March 22, 2017 that the claimant had had

> incidents wetting [his or her] pants because [he or she] did not ask to use the restroom. The claimant sometimes would not sit in class and not work because [he or she] did not have a pencil and would not ask for one . . . The claimant's father testified that the claimant completes [his or her] homework but does not always submit it at school. He sometimes has had to remind the claimant to bathe and brush [his or her] teeth.

Doc. 6-1, A.R., ALJ Decision, 26.

For the same reasons as the third domain, "Interacting and Relating to Others," the ALJ's reasoning with respect to this domain is insufficient. While the two medical consultants' opinions conclude that J.M. had below a marked limitation in this domain, *see id.* at 64, 78, these medical consultants' opinions are not consistent with the evidence to which the ALJ cites with respect to this domain, as the ALJ suggests. *See id.*, ALJ Decision, 21; *see also King*, 2019 WL 4060878, at *5 (citations omitted). Without any explanation as to why the ALJ credited the medical consultants' opinions in the face of contrary evidence, the Court cannot conclude that there is substantial evidence for the ALJ's decision in this domain.

B.   *Whether the Appropriate Remedy is Reversal or Remand*

Because the Court has found the ALJ's analysis insufficient in two domains, and to receive benefits a child must have "'marked limitations in two domains . . . or an 'extreme' limitation in one domain," 20 C.F.R. § 416.926a(a), the Court must decide whether to reverse and remand, or simply reverse, the ALJ's decision. J.M. argues that the Court should reverse the ALJ's decision, not remand, because "[a] district court may direct an award of benefits where the record has been fully developed and further administrative proceedings would serve no useful purpose." Doc. 9, Pl.'s Br., 12 (citing *McQueen v. Apfel*, 168 F.3d 152, 156 (5th Cir. 1999)).

However, in *McQueen*, "nothing in the record . . . support[ed]" the Commissioner of Social

-10-

Security's decision. *See* 168 F.3d at 156. Here, however, the Court notes that there is evidence to support the ALJ's decision—but that the ALJ's analysis was insufficient for the Court to determine whether *substantial* evidence supported the ALJ's decision. Under these circumstances, the Court finds it appropriate to **REVERSE** and **REMAND** to the Social Security Administration for further proceedings.

IV.

CONCLUSION

For the foregoing reasons, the Court **REVERSES** and **REMANDS** this case back to the Social Security Administration.

**SO ORDERED.**

**SIGNED: August 12, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE